## Richmond

GEORGE HENRY GREEN v. COMMONWEALTH OF VIRGINIA.

April 26, 1971.

Record No. 7469.

Present, All the Justices.

*Richard W. Hudgins* (*Hudgins and Gibson*, on brief), for plaintiff in error.

*Robert L. Simpson, Jr.* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

The question presented is whether George Henry Green, the indigent defendant, was properly adjudged in contempt of court for refusing to cooperate with his court-appointed attorney. To the court's order fining him $50 and sentencing him to ten days in jail for such contempt, Green was granted a writ of error.

■ On August 25, 1969, Green, who had been indicted and was awaiting trial upon four counts of forgery and uttering, appeared in court with his appointed attorney Ralph Goldstein. Goldstein moved the court to relieve him as counsel for Green because the two could not see "eye to eye on the handling of the case." The motion was denied, the court pointing out that a previously appointed attorney had been dismissed at Green's request, thus necessitating the appointment of Goldstein. Green was informed by the court that the case would be tried on September 3, 1969, and that he "would be expected to cooperate with his attorney to prepare the case for trial."

Green and Goldstein appeared in court on the date appointed for trial. Goldstein renewed his motion that the court relieve him as counsel in the case. However, Goldstein told the court that he was prepared "to go forward if necessary," and the motion was denied. Green then told the court that *he* was "not ready for trial" because he and his counsel could not agree on the manner of handling the case. In the ensuing discussion before the court, it developed that Green had refused "to discuss the case" with Goldstein. The court thereupon found Green in contempt for impeding "the orderly progress of justice." The court relieved Goldstein as counsel and stated that the case would be continued and that a new attorney would be appointed for Green.

We do not believe the finding of contempt was warranted in this case. Green's conduct, though of a type not to be encouraged, was not such as to place the court in a position of having to preserve its power or vindicate its dignity. *Local 333B, United Marine Div.* v. *Com.*, 193 Va. 773, 779, 71 S.E.2d 159, 163 (1952). Green's misguided refusal to talk to Goldstein should not have been permitted to impede "the orderly progress of justice."

■ Under the circumstances of this case, what the court should have done, instead of finding Green in contempt and continuing the case for the appointment of a new attorney, was to order the trial to proceed with Green as his own counsel. The court should not have relieved Goldstein completely but should have directed him to sit at counsel table and to give Green such advice with respect to the conduct of the trial as the reluctant client requested. Considerations of due process and right to counsel require no more.

The judgment of contempt will be reversed and the contempt proceeding dismissed.

*Reversed and dismissed.*