**Alexandria**

RAYMOND PARIS

v.

COMMONWEALTH OF VIRGINIA

No. 0827-88-4

Decided February 20, 1990

COUNSEL

John W. Shanley (William T. Newman, Jr., on brief), for appellants.

Robert H. Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KEENAN, J.—Raymond Paris appeals his convictions on two counts of robbery and use of a firearm in the commission of robbery, two counts of abduction and one count of breaking and entering. The issue presented in this appeal is whether Paris was denied his sixth amendment right to counsel. We find that Paris was afforded the right to counsel throughout the proceedings, and, accordingly, affirm his convictions.

Paris first appeared in the Circuit Court of Arlington County on June 22, 1987. On that day the trial court appointed counsel to represent him and continued the case to June 24, 1987, for appearance of counsel and setting a trial date. On June 24, 1987, trial was set for September 16, 1987.

On September 15, 1987, Paris again appeared in court with his court-appointed counsel. This time he also had retained counsel

with him.[1] His retained counsel requested a continuance of the trial date since Paris had only recently retained him. The prosecutor and court-appointed counsel informed the court that they were prepared for trial the following day. The trial court granted Paris' motion for a continuance and trial was reset for December 14, 1987. Court-appointed counsel was granted leave to withdraw from the case.

On December 14, 1987, the case was continued to February 1, 1988, for the entry of a plea agreement. On February 1, 1988, Paris' counsel and the prosecutor informed the trial court that, although they had anticipated entering a plea agreement that day, the agreement had not been reached. A joint motion for a continuance was granted and trial was set for April 5, 1988.

On February 22, 1988, Paris filed a motion to withdraw counsel, stating that counsel had failed to perform his duties adequately, that counsel was negligent in failing to keep appointments, that counsel had failed to properly investigate the case, and that counsel had denied Paris access to the courts. On March 16, 1988, Paris sent a letter to the trial court stating that he had terminated his counsel and asking the court to appoint counsel to represent him. On March 24, 1988, with Paris and retained counsel present, the court denied Paris' motion to withdraw counsel and instructed counsel to be prepared for trial on the April 5, 1988 trial date.

On April 5, 1988, Paris appeared in court with retained counsel and was arraigned. He then advised the trial court that he was without counsel since he had fired his attorneys and was not prepared to go to trial. He also informed the court that he did not wish to represent himself. Counsel informed the court that they had been instructed repeatedly by Paris not to do anything further on his behalf and therefore had done nothing in the month preceding trial. They stated that they were not prepared to go to trial, requested to be declared ineffective and asked for a continuance to allow Paris to obtain counsel. The trial court denied their motion.

---

[1] The attorney Paris retained was not licensed to practice in Virginia. Therefore, a second retained attorney was associated with Paris' counsel as local counsel and it was local counsel who actually appeared in court on Paris' behalf at all times except the March 24 hearing, the April 5 trial date, and the hearing on the motion to set aside the verdict, when both his original retained counsel and local counsel were present.

After conferring with Paris, counsel informed the court that they would sit silently through Paris' trial pursuant to his continuing directive that they were not to act as his lawyers.

Paris' counsel did not participate at trial, although Paris occasionally did consult with them. Counsel did not participate in the selection of the jury and peremptory strikes were exercised by the clerk. Counsel likewise did not request a rule on witnesses. They raised no objections during the trial, did not question the witnesses, did not make either opening or closing statements, and proffered no instructions to the court. The jury found Paris guilty on all charges.

Paris filed a motion to set aside the verdict on the ground of ineffective assistance of counsel. An evidentiary hearing was held over a two day period, during which Paris was represented by newly retained counsel. His former retained counsel testified at the hearing. Paris also testified at this time. The trial court denied Paris' motion and imposed the ninety-six year sentence as set by the jury verdict.

On appeal, Paris argues that he was denied his constitutional rights to a fair trial and the assistance of counsel by the following: (1) the trial court's failure to conduct an adequate hearing relating to his dissatisfaction with retained counsel; (2) the trial court's failure to grant his motions for appointment of new counsel; (3) the trial court's failure to grant counsel's motion to be declared ineffective, as well as counsel's motion for a short continuance; and (4) counsel's failure, once the court had denied all motions to terminate counsel's representation, to participate at trial and assist in his defense.[2] In addition, Paris argues that he did not waive his right to counsel, but was, because of the trial court's actions, nevertheless required to stand trial without the assistance of counsel.

The Commonwealth argues that the trial court did not err in denying Paris' motions for appointment of new counsel and a con-

---

[2] Paris' fourth argument is in essence a claim of denial of the right to counsel because counsel's representation was ineffective. Paris' petition for appeal was denied as to the question of ineffectiveness of counsel by order entered March 22, 1989. In that order, a panel of this Court determined that matters relating to the issue of counsel's ineffectiveness were not fully contained in the record of the trial as required by Code § 19.2-317.1. Accordingly, we do not address that issue here.

tinuance because the trial court found that Paris had repeatedly engaged in obstructionist tactics to avoid going to trial. In addition, the Commonwealth contends that there was ample evidence before the trial court of Paris' reasons for wanting new counsel, and therefore no further hearing on the merits of that request was necessary.

Initially, we reject Paris' argument that he was required to stand trial without the assistance of counsel. Counsel was appointed to represent Paris when he first appeared in court in June 1987. Paris decided to retain counsel in August 1987 and his trial was continued to allow retained counsel to prepare for trial. Counsel continued to represent Paris over a period of seven months, pursuing several plea agreements, investigating the evidence against Paris and preparing, in the event it became necessary, to take his case to trial. Paris first informed counsel in March 1988 that he was not satisfied with their services and petitioned the court to appoint him new counsel. That motion, and a subsequent motion made on the day of trial, were denied by the court. Counsel were directed by the court to be ready for trial on April 5, 1988. They appeared with Paris for trial and were available to him throughout the trial. We therefore find that Paris was represented by counsel throughout the criminal proceedings against him, and, accordingly, do not address his contention that his sixth amendment right was violated because he did not make a knowing and voluntary waiver of his right to counsel.

We also reject Paris' argument that he was denied a fair trial and his right to effective counsel because the court summarily denied his pre-trial motions without adequate inquiry into the sources of his dissatisfaction with counsel. Paris asserts that the sixth amendment requires an on-the-record hearing to determine whether counsel is rendering effective assistance, citing *McMahon v. Fulcomer*, 821 F.2d 934 (3d Cir. 1987), and *Fields v. United States*, 466 A.2d 822 (D.C.), *cert. denied*, 464 U.S. 998 (1983). Paris filed a one-page motion with the trial court, supplemented by a three-page letter, asserting that he was generally dissatisfied with counsel.[3] In addition, during a subsequent motion to set aside the verdict, the court heard testimony over a two-day period di-

---

[3] Retained local counsel is the only attorney named in Paris' motion. His letter to the court, however, indicated dissatisfaction with both attorneys, resulting in termination of their services.

rected specifically to counsel's ineffectiveness. At that hearing, Paris was represented by retained counsel of his choosing.

At the post-trial hearing, Paris alleged only general dissatisfaction with counsel's represention, although ample opportunity was provided for Paris to provide the trial court specific examples of their allegedly ineffective representation. Also, the pre-trial preparations made by counsel from the period of August 1987 to April 1988 were detailed to the court at this time. Therefore, although the court did not conduct any inquiry into Paris' reasons for wanting counsel removed at the hearing on March 24, 1988, or prior to the trial on April 5, 1988, we find that the subsequent hearing was sufficient to enable the court to determine whether Paris had received adequate representation in accordance with his sixth amendment right to counsel.[4]

■ Further, we find that the trial court did not err in denying Paris' motions for withdrawal of counsel and a continuance. Such motions are addressed to the sound discretion of the trial court and our review is limited to determining whether the trial court's denial of these motions constituted an abuse of discretion. *Payne v. Commonwealth*, 233 Va. 460, 473, 357 S.E.2d 500, 508, *cert. denied*, 484 U.S. 933 (1987). We find no such abuse of discretion here.

■ "An accused's right to be represented by counsel is a fundamental component of our criminal justice system." *United States v. Cronic*, 466 U.S. 648, 653 (1984). It has long been recognized in Virginia that the right to assistance of counsel is a fundamental one guaranteed to an accused by the Bill of Rights of the Virginia Constitution. *Fitzgerald v. Smyth*, 194 Va. 681, 690, 74 S.E.2d 810, 816 (1953); *Cottrell v. Commonwealth*, 187 Va. 351, 359-60, 46 S.E.2d 413, 417 (1948). Furthermore, the sixth amendment guarantees a defendant in a state criminal proceeding the right to assistance of counsel before he can be validly convicted and punished with imprisonment. *Van Sant v. Gondles*, 596 F. Supp. 484, 487 (E.D. Va. 1983), *aff'd*, 742 F.2d 1450 (4th Cir. 1984).

---

[4] Because the hearing on the motion to set aside the verdict provided the court with a sufficient record to determine whether Paris' sixth amendment rights had been violated, we do not reach the issue of whether the sixth amendment imposes an affirmative obligation on the trial court to conduct an on-the-record hearing into the validity of pre-trial allegations of ineffective assistance of counsel.

■ A criminal defendant's right to counsel includes "not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources or through the aid of his family or friends, to be represented by an attorney of his own choosing." *Thacker v. Slayton*, 375 F. Supp. 1332, 1335-36 (E.D. Va. 1974). This right is only a qualified right, however, and the opportunity guaranteed to a defendant to secure counsel of his choice is only "a fair one." *Sampley v. North Carolina*, 786 F.2d 610, 612-13 (4th Cir.), *cert. denied*, 478 U.S. 1008 (1986). "The limit of the right is necessarily found in the countervailing state interest. . . in proceeding with prosecutions on an orderly and expeditious basis." *Id.* at 613. In addition, the Supreme Court has rejected the claim that the sixth amendment guarantees a "meaningful" relationship between an accused and his counsel. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983).

Paris' case had been pending in the trial court for ten months prior to trial. He was before the court pursuant to the Interstate Agreement on Detainers. During the ten month period in question, he had received three continuances of the trial date and rejected two plea offers. On February 1, 1988, the trial was set for April 1988. In his motion to set aside the verdict, Paris testified that he told his attorneys after the February 1, 1988 date that he was no longer interested in their representation because he was not satisfied with the way they were handling his case. In addition, while Paris filed a motion with the court at the end of February 1988 to have counsel removed, he made no effort during that time to obtain new counsel despite repeatedly informing the court that he was not interested in representing himself. We find that Paris was afforded more than a fair opportunity to obtain counsel of his choosing and there was no want of cooperation on the part of the trial court in allowing Paris to obtain counsel. Accordingly, we find that the trial court did not abuse its discretion in denying Paris' motion to have retained counsel removed and new counsel appointed, particularly in light of Paris' insistence that he did not want to represent himself. *Cf. United States v. Gallop*, 838 F.2d 105, 109 (4th Cir.), *cert. denied*, 487 U.S. 1211, (1988) ("once the trial court has appropriately determined that a substitution of counsel is not warranted, the court can insist that the defendant choose between continuing representation by his existing counsel and appearing *pro se*"); *Green v. Commonwealth*, 211 Va. 727,

180 S.E.2d 531 (1971)(the trial court should order trial to proceed with defendant as his own counsel when defendant states at trial that he is not ready to proceed and the record shows that the defendant has failed to cooperate with a second court-appointed attorney because he and counsel could not agree on the manner of handling the case).

█ We likewise find that the trial court did not abuse its discretion in denying counsel's motion for a continuance on the day of trial. Broad discretion must be granted to trial courts on the matter of continuances, and therefore "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris*, 461 U.S. at 11-12 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). In the case before us, the trial court found that Paris' actions constituted a "deliberate, willful attempt to obstruct this trial" rather than a justifiable request for delay. Moreover, the trial court was informed at the hearing on March 24, 1988, that because Paris was being tried under the Interstate Agreement on Detainers, it was necessary to maintain the April 5, 1988 trial date. In addition, the trial court was informed by both the prosecutor and defense counsel on the date of trial that counsel had been given full discovery in the case and had discussed the case at great length with the Commonwealth; that the possibility of a plea agreement had been discussed; that a private investigator had been hired and had talked to the complaining witness; and that preparation for trial had been vigorous until the time that Paris had instructed counsel not to participate in the case.[5] In light of the foregoing facts, we find no abuse of discretion in the trial court's refusal to grant Paris a fourth continuance of his trial date and accordingly, we affirm his convictions.

*Affirmed.*

Coleman, J., and Duff, J., concurred.

---

[5] The motion to set aside the verdict contained further evidence of the preparation of counsel for Paris' trial up to the point that he directed counsel to do no further work on his behalf. Although counsel did concede before trial on April 5, 1988, that they were not prepared to take the case to trial, we do not find this statement sufficient to decide that a continuance was necessary to afford Paris his sixth amendment right to counsel. Moreover, since counsel's claimed lack of preparation was the direct result of Paris' own actions and not a failure on their part to vigorously pursue his defense, Paris cannot complain of a situation for which he was intentionally and knowingly responsible. *See United States v. Gaither*, 527 F.2d 456 (4th Cir.), *cert. denied*, 425 U.S. 952 (1976).