**Alexandria**

WARREN U. BOLDEN

v.

COMMONWEALTH OF VIRGINIA

No. 0660-88-4

Decided October 23, 1990

COUNSEL

Randal M. Reves, Associated Counsel (Office of the Public Defender, on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Warren Bolden appeals his conviction by a jury on one count of making telephone threats and one count of assault and battery. He raises two issues on appeal: (1) whether the trial court erred in requiring him to go to trial without the assistance of counsel when he had not waived this right; and (2) whether the trial court erred when it denied his request for a continuance to obtain counsel. We find no merit in either issue and, accordingly, affirm the decision of the trial court.

Bolden had been tried originally in the juvenile and domestic relations court. He noted his appeal to the circuit court on February 3, 1988. Trial was set for March 10, 1988. Printed on the form "Notice of Appeal" was the following advisement: "Promptly communicate with the Clerk of the Circuit Court . . . concerning . . . your right of representation by a lawyer if you do not have a lawyer."

On March 10, 1988, Bolden appeared in circuit court with retained counsel, but requested a continuance to enable him to retain different counsel, since he found the services of his retained counsel to be unsatisfactory. The trial court granted Bolden's request over the prosecutor's objection and continued the case to March 24, 1988. The trial court recognized the Commonwealth's witnesses to appear on March 24, 1988.

On March 24, 1988, Bolden, who was at that time in custody on other charges, appeared without counsel and requested additional time to obtain counsel. The trial court then continued the case for an additional week, but advised Bolden that if he appeared without counsel, the court would consider Bolden to have waived his right to be represented by counsel. The Common-

wealth's witnesses were again recognized to appear. In addition, the trial court offered Bolden the services of court-appointed counsel, which he refused.

Bolden appeared without counsel a second time on March 31, 1988 and again moved for a continuance. The trial court denied his motion. Bolden was then tried without counsel and the jury returned guilty verdicts on each count. Subsequently, on April 8, 1988, the court appointed the Office of the Public Defender to represent Bolden at sentencing. This appeal followed.

An accused's right to be represented by counsel is guaranteed by both the Bill of Rights of the Virginia Constitution, *Fitzgerald v. Smyth*, 194 Va. 681, 690, 74 S.E.2d 810, 816 (1953), and the sixth amendment to the United States Constitution. *Argersinger v. Hamlin*, 407 U.S. 25, 30 (1972). This right to counsel includes "not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources . . . to be represented by an attorney of his own choosing." *Thacker v. Slayton*, 375 F. Supp. 1332, 1335 (E.D. Va. 1974). However, this right is a qualified right which is limited by a "countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis." *Paris v. Commonwealth*, 9 Va. App. 454, 460, 389 S.E.2d 718, 721-22 (1990)(quoting *Sampley v. Attorney General of North Carolina*, 786 F.2d 610, 612-13 (4th Cir.), *cert. denied*, 478 U.S. 1008 (1986)). As the Fourth Circuit noted in *Sampley*:

> Obviously a defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply showing up without counsel, or with allegedly unsatisfactory counsel, whenever his case is called for trial.

786 F.2d at 613.

Because a defendant's assertion of his right to counsel may conflict with the government's right to an orderly and expeditious prosecution, trial courts are often faced with the dilemma of choosing between these competing interests. Under certain circumstances, the trial court is entitled to conclude that the defendant has actually waived his right to counsel and thus can require

that the defendant stand trial without the assistance of counsel. However, in these situations, the burden is on the Commonwealth to prove "by clear, precise and unequivocal evidence" that the defendant did actually waive his right to counsel. *Lemke v. Commonwealth*, 218 Va. 870, 873, 241 S.E.2d 789, 791 (1978). " 'The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer.' " *Sargent v. Commonwealth*, 5 Va. App. 143, 149, 360 S.E.2d 895, 899 (1987)(quoting *Carnley v. Cochran*, 369 U.S. 506, 516 (1962)).

■ In addition, broad discretion is afforded the trial court in determining whether a continuance to obtain counsel should be granted. "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

In reviewing the procedural history of the case before us in accordance with these principles, we find no error in the trial court's decision to deny Bolden's request for a continuance on March 31, 1988 and require him to stand trial without the assistance of counsel. Between the filing of Bolden's notice of appeal and his actual trial, the trial court afforded Bolden in excess of a month to retain counsel of his choosing. During this time, he was given two continuances to obtain counsel. In addition, the trial court offered him the services of appointed counsel, which he refused. Finally, although the trial court specifically advised Bolden that if he appeared on March 31, 1988 without counsel that he would have to go to trial unrepresented, Bolden chose to appear on that day without counsel and requested yet another continuance. On this record, we find that the trial court reasonably concluded that Bolden's failure to have counsel on March 31, 1988 was the result of dilatory conduct on his part and not due to any lack of opportunity to obtain counsel.

The situation facing the trial court in the case before us is not similar to the case of *Lemke v. Commonwealth*, 218 Va. 870, 241 S.E.2d 789 (1978), cited by the dissent. In that case, the defendant noted an appeal of her conviction in the district court. The appeal form stated that failure to obtain counsel would not be a ground for continuance. Lemke nevertheless appeared for trial without counsel and requested a continuance. The trial court, af-

ter conversing with an attorney Lemke had contacted but not retained due to a conflict, denied her motion for a continuance and tried Lemke without counsel. The Supreme Court reversed Lemke's conviction, finding that the trial court had abused its discretion in trying her when she was not represented by counsel. *Id.* at 874, 241 S.E.2d at 791. In contrast, in the case before us, the trial court granted Bolden two continuances, spanning a three-week period, to obtain counsel. The court also offered to appoint counsel for him. Finally, Bolden was specifically advised that any future failure to appear without counsel would be deemed by the trial court as a waiver of his right to counsel.

We find that the trial court's action in the case before us was consistent with both the defendant's constitutional entitlement to the assistance of counsel and the procedural guidelines set forth in Code § 19.2-157 *et seq.* governing the right to counsel. Code § 19.2-157 provides in pertinent part:

> [W]henever a person charged with a criminal offense the penalty for which may be death or confinement in the state correctional facility or jail . . . appears before any court without being represented by counsel, the court shall inform him of his right to counsel. The accused shall be allowed a reasonable opportunity to employ counsel, or, if appropriate, the statement of indigence provided for in § 19.2-159 may be executed.

Former Code § 19.2-160 (in effect at the time of Bolden's trial) provides:

> If the charge against the accused is a misdemeanor the penalty for which may be by confinement in jail, and the accused is not represented by counsel, the court shall ascertain by oral examination of the accused whether or not the accused desires to waive his right to counsel. In the event the accused desires to waive his right to counsel, and the court ascertains that such waiver is voluntary and intelligently made, then the court shall provide the accused with a statement [to document his waiver]. . .

* * *

Should the defendant refuse or otherwise fail to sign either of the statements described in this section and Code § 19.2-159 [the affidavit of indigency], the court shall note such refusal on the record. Such refusal shall be deemed a waiver of the right to counsel, and the court . . . shall . . . proceed to hear and decide the case.

■ The trial court did not have Bolden execute either a signed waiver of counsel or an affidavit of indigency. This deficiency, however, does not dictate a finding that Bolden was forced to stand trial absent a knowing and intelligent waiver of his right to counsel. The requirements set forth in Code §§ 19.2-157, 159 and 160 are procedural guidelines, not jurisdictional requirements. *Van Sant v. Commonwealth*, 224 Va. 269, 274, 295 S.E.2d 883, 886 (1982). Thus, although compliance with the requirements of Code § 19.2-157 *et seq.* may be sufficient to establish a prima facie case of waiver, and non-compliance may make it more difficult for the Commonwealth to meet its burden of establishing a waiver, non-compliance alone does not prove that the Commonwealth has failed to meet its burden of proving that the defendant waived his right to counsel. *Id.*

The record clearly and unequivocally establishes that Bolden was advised of his right to counsel and provided with a reasonable opportunity to obtain counsel, in keeping with the mandate of Code § 19.2-157. In addition, although an indigency form was not completed, Bolden was offered the services of appointed counsel. Further, he was warned that his failure to appear with counsel would be considered a waiver of his right to counsel.

On this record, we find that the Commonwealth met its burden of proving that Bolden voluntarily and intelligently waived his right to counsel. Thus, we find that the trial court did not abuse its discretion by denying Bolden's request for a third continuance to obtain retained counsel in light of the two earlier continuances afforded him, the court's offer to appoint counsel for him, and the fact that the Commonwealth had its witnesses present and available for trial on all three occasions.

For these reasons, we affirm the decision of the trial court.

*Affirmed.*

Moon, J., concurred.

Benton, J., dissenting.

" '[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights and . . . 'do not presume acquiescence in the loss of fundamental rights.' " *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937) and *Ohio Bell Tel. Co. v. Public Utils. Comm'n*, 301 U.S. 292, 307 (1937)). "The burden is on the Commonwealth to prove waiver of the right to counsel by clear, precise, and unequivocal evidence." *Van Sant v. Commonwealth*, 224 Va. 269, 273, 295 S.E.2d 883, 885 (1982) (citation omitted). Upon this record, the trial judge only could presume a waiver.

At Bolden's first appearance in circuit court on March 10, 1988, his counsel was relieved from the representation of Bolden. Shortly after that hearing, Bolden was taken into custody in connection with other charges and remained in custody throughout these proceedings. At the March 24, 1988 hearing, the trial judge apparently believed that Bolden was having difficulty obtaining counsel because he "offered to appoint an attorney to represent [Bolden]." The record does not disclose the specifics of the offer or the refusal. In particular, the record does not indicate that the trial judge informed Bolden that he would not have to pay for appointed counsel.

On March 31 when Bolden again was brought to court for trial, he was still in custody and had not obtained counsel. Although the trial judge refused to grant Bolden another continuance and proceeded to trial, the record does not reflect that an inquiry was made concerning Bolden's failure to obtain counsel. Furthermore, this record contains no evidence that the trial judge made an indigency inquiry at that time or at any other time. *See* Code §§ 19.2-159, 19.2-159.1, 19.2-160. Following Bolden's conviction on March 31, 1988, the trial judge appointed the Public Defender to represent Bolden on appeal. Presumably, at that time Bolden was believed to be indigent in order to qualify. *See* Code § 19.2-163.3.

This case is strikingly similar to *Lemke v. Commonwealth*, 218 Va. 870, 241 S.E.2d 789 (1978), where the Supreme Court observed:

> Trial courts are fully justified in taking stern measures to eliminate the frustrations of unnecessary or intentional delays caused by defendants in criminal appeals from the General District Courts. Such defendants must not be permitted to trifle with the courts or impede the administration of justice. Nevertheless, the fact that [the defendant] had other retained counsel representing her at trial in the General District Court did not necessarily prove that she was ineligible to receive the benefit of court-appointed counsel on appeal to the trial court. Indeed, in the present appeal she is being represented by the Public Defender.

*Id.* at 874, 241 S.E.2d at 791-92. As in *Lemke*, this "record does not show that the trial judge followed the procedures mandated by Code §§ 19.2-157, et seq., to determine whether the defendant wished to waive [the] right to counsel." *Id.* at 873, 241 S.E.2d at 791 (footnote omitted).

The record leaves uncertain whether Bolden's failure to obtain counsel was due to his indigency, incarceration, or dereliction. The record therefore fails to establish a "knowing and intelligent waiver" of counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). Accordingly, I would reverse and remand for a new trial.