COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia


DAVID L. LINDSEY

v.   Record No. 2553-93-1                    MEMORANDUM OPINION[*] BY
                                          CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                        MAY 30, 1995

               FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                         Glen A. Tyler, Judge

          James C. Hawks for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     David L. Lindsey appeals his conviction of distribution of

cocaine in violation of Code § 18.2-248.  Lindsey argues that the

trial judge abused his discretion by denying Lindsey's motion for

a continuance of his trial so he could be represented by

privately retained counsel.  We disagree and affirm Lindsey's

conviction.

     "[B]road discretion is afforded the trial court in

determining whether a continuance to obtain counsel should be

granted.  `[O]nly an unreasoning and arbitrary "insistence upon

expeditiousness in the face of a justifiable request for delay"

violates the right to the assistance of counsel.'"  Bolden v.

Commonwealth, 11 Va. App. 187, 191, 397 S.E.2d 534, 536

(1990)(citation omitted), cert. denied, 112 S. Ct. 382 (1991).

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

A criminal defendant's right, if he can provide counsel for himself, to be represented by an attorney of his own choosing is only a qualified right, and the opportunity guaranteed to a defendant to secure counsel of his choice is only "a fair one." Paris v. Commonwealth, 9 Va. App. 454, 460, 389 S.E.2d 718, 721 (1990) (citation omitted). "`The limit of the right is necessarily found in the countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.'" Id.

Lindsey had a court-appointed attorney assigned to his case on September 30, 1993. Lindsey's December 8, 1993 trial date was set on November 19, 1993. Two days prior to trial, Lindsey retained private counsel. The motion for continuance was made on the day of trial. The Commonwealth was ready to proceed and its summonsed witnesses, one of whom was from out of town, were present and ready to testify.

Lindsey failed to make a "justifiable request for a delay." "In order to justify a continuance `by the last minute change of counsel, exceptional circumstances must exist.'" Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993). No exceptional circumstances are shown in the record. Lindsey gave no reason for his failure to retain counsel only two days before court.

Moreover, Lindsey has not shown that the denial of a continuance prejudiced his case. The record discloses that Lindsey's court-appointed counsel was well prepared for trial,

that he had sought and obtained discovery and had prepared a motion in limine which he argued at the trial.  Further, Lindsey's only witness testified at the trial.  Accordingly, the trial judge did not abuse his discretion by denying appellant's motion for a continuance.

Affirmed.
