COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


RAYMONT D. ARMSTEAD

MEMORANDUM OPINION[*] BY
v.          Record No. 2251-96-1          JUDGE RICHARD S. BRAY
SEPTEMBER 23, 1997

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Theophlise L. Twitty for appellant.

Michael T. Judge, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Raymont D. Armstead (defendant) was convicted in a bench trial on indictments charging two counts of cocaine distribution. Defendant complains on appeal that the trial court erroneously denied his motion for a continuance, necessary to accommodate the substitution of appointed counsel with retained counsel, resulting in violations of both Code § 19.2-159.1 and the Sixth Amendment right to counsel.[1] Finding no error, we affirm the convictions.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts essential to a disposition of the appeal.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]Although the Commonwealth contends that these arguments were procedurally defaulted, we find that defendant adequately presented the issues to the trial court.

Code § 19.2-159.1 provides, in pertinent part, that:
In the event the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant reasonable continuance to allow counsel to be obtained and to prepare for trial. When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services, pro rata, pursuant to § 19.2-163.

Here, although defendant's father had apparently undertaken to retain counsel for him immediately prior to trial, defendant advised the court that he "didn't have anything to do with" this effort, had not spoken with such attorney and remained unable to compensate counsel. Under such circumstances, defendant's continuance motion was clearly not one contemplated by Code § 19.2-159.1.

We acknowledge that a "criminal defendant's [constitutional] right to counsel includes 'not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources or through the aid of his family or friends, to be represented by an attorney of his own choosing.'" Paris v. Commonwealth, 9 Va. App. 454, 460, 389 S.E.2d 718, 721 (1990) (quoting Thacker v. Slayton, 375 F. Supp. 1332, 1335-36 (E.D. Va. 1974)). However, such is
"a qualified right which is limited by a countervailing state interest in proceeding with prosecutions on an orderly and

2

> expeditious basis." Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990). Further, "broad discretion is afforded the trial court in determining whether a continuance to obtain counsel should be granted. Only an unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for a delay violates the right to the assistance of counsel." Id. at 191, 397 S.E.2d at 536.

Mills v. Commonwealth, 24 Va. App. 95, 99-100, 480 S.E.2d 746, 748 (1997). Thus, "[i]n order to justify a continuance 'by the last minute change of counsel, exceptional circumstances must exist.'" Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993) (quoting Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977)).

A trial court's decision to deny a continuance "will not be reversed on appeal unless there was a clear abuse of discretion and prejudice to the defendant." Id. (emphasis added). The requisite prejudice must be established by affirmative proof, see Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994), which may include evidence "that the court-appointed attorney conducted an inadequate investigation, was unprepared for trial, or failed to pursue a vigorous defense." Feigley, 16 Va. App. at 721, 432 S.E.2d at 523.

The instant record discloses that defendant's court-appointed counsel was ready for trial, and that defendant had "prepared . . . [a] defense to the charges with [the] lawyer," had no witnesses and was also ready to proceed. The Commonwealth's case was substantively dependent upon the

3

testimony of a single witness, the detective that purchased the offending drugs from defendant, and nothing suggests either the existence of evidence favorable to defendant or inadequate representation of counsel.  Even assuming, <u>arquendo</u>, that the court improperly denied defendant's motion because he was unable to pay court-appointed counsel, the record demonstrates no prejudice to defendant from the ruling.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>