COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


BRAM PATRICK DAGGS

MEMORANDUM OPINION[*] BY
v.    Record No. 2124-98-1          JUDGE JOSEPH E. BAKER
                                       AUGUST 10, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

Charles E. Haden for appellant.

John H. McLees, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Bram Patrick Daggs (appellant) appeals from his bench trial

convictions by the Circuit Court of York County (trial court) of

two counts of robbery.  Appellant first contends that the trial

court committed reversible error when it denied appellant's motion

for a continuance to enable him to employ new counsel to replace

his court-appointed attorney.  Appellant also contends that the

evidence was insufficient to support the robbery convictions.

Finding no error, we affirm the judgment of the trial court.

                              I.

On March 18, 1998, appellant executed an affidavit asserting

that he was indigent.  His request for appointed counsel for the

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

preliminary hearing was granted prior to that hearing held on May 12, 1998. On May 19, 1998, true bills were returned by a grand jury, charging that appellant robbed Daniel Ablits and Thomas Law. On May 19, 1998, the trial court appointed M. Tracy McMurtrie[1] to represent appellant on the charges before the trial court. The trial then was scheduled for July 16, 1998. Until that date, appellant did not move for change of counsel.

As appellant was about to be arraigned, his court-appointed counsel requested the court for permission to "withdraw as counsel" for the reason that she "understood" appellant's family had on the day before sought to retain "Attorney Ashton Wray" to represent appellant. She further stated that appellant joined in that request.

The trial court refused to permit counsel to withdraw, noting that appellant had sworn he was indigent, that counsel had twice been appointed to represent appellant, and that several months had passed between the date of the affidavit and the date of the motion to withdraw without any action by appellant or anyone on his behalf to obtain other counsel. Appellant was then arraigned and pled not guilty.

Prior to accepting the pleas, the trial court extensively questioned appellant pursuant to Rule 3A:8. Appellant stated that he understood the charges and that he had discussed them with his

---

[1] McMurtrie had served as appointed counsel for appellant at the general district court preliminary hearing.

-

attorney.  Appellant asserted, however, that he had not had enough time to discuss the charges with his court-appointed lawyer. Counsel for appellant subpoenaed the only witness that appellant asked to be subpoenaed, and she represented to the court that she was able to communicate sufficiently with appellant to prepare for trial.

Appellant claimed that his attorney always seemed "in a rush" when she saw him and that he did not have time to tell her his "version of the story."  When the court asked how much time he needed to talk with his attorney, appellant said "about thirty minutes."  Appellant and his attorney then privately conferred, after which appellant told the trial court that he was satisfied, that counsel and he had discussed his case, that he understood all the questions the court had asked him, and that he was ready for "trial today."

Generally, a motion for withdrawal of counsel is addressed to the sound discretion of the trial court, and our review is limited to determining whether the trial court's denial of the motion constituted an abuse of discretion.  See Payne v. Commonwealth, 233 Va. 460, 473, 357 S.E.2d 500, 508 (1987); Paris v. Commonwealth, 9 Va. App. 454, 459, 389 S.E.2d 718, 722 (1980). "In order to justify a continuance 'by the last minute change of counsel, exceptional circumstances must exist.'"  Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993)

-

(quoting Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977)).

Counsel for appellant represented to the trial court that she communicated enough with appellant to prepare for trial. After being given an additional opportunity by the court to confer with his counsel, appellant indicated that he was satisfied and prepared to go forward with the trial. Accordingly, we find that the trial court did not abuse its discretion when it denied appellant's motion for a continuance to retain a new attorney.

## II.

Upon familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Stated thusly, the record discloses that Stephanie Henderson was with Michael Blunt, "Lamar" and "T.J." when they saw Ablits and Law walking nearby. T.J. stated "[w]e should get them," referring to Ablits and Law. When appellant re-joined the group, Blunt, Lamar, and T.J. discussed their plan with appellant. Shortly thereafter, Henderson saw appellant grab Ablits from behind while T.J. took Ablits' wallet and keys. Following that action, Henderson saw Blunt and appellant run up to Law and knock him to the ground. Appellant and Blunt then kicked and hit Law, and appellant took Law's class ring.

-

Ablits and Law were unable to identify any of their assailants. Each testified, however, that a person generally matching Henderson's description was present at the scene of the robberies.

Blunt denied that he or appellant participated in the robberies. Appellant denied being present at the time the robberies were alleged to have occurred and stated he was, in fact, elsewhere with a girl named Jennifer.

The evidence, when viewed in the light most favorable to the Commonwealth, sufficiently proved that appellant was an active participant in the Ablits and Law robberies. The trial court believed the Commonwealth's evidence and rejected appellant's evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of the two robberies.

For the reasons stated, the judgment order of the trial court is affirmed.

Affirmed.