COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Fitzpatrick
Argued at Salem, Virginia


TIFFANY SHANTELE SPEARS

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1692-06-3          JUDGE JOHANNA L. FITZPATRICK
                                        DECEMBER 27, 2007

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                        Charles N. Dorsey, Judge

        Stuart J. Pearson (WeberPearson, PC, on brief), for appellant.

        Robert H. Anderson, III, Senior Assistant Attorney General
        (Robert F. McDonnell, Attorney General, on brief), for appellee.


        In this criminal appeal, Tiffany Shantele Spears (appellant) contends the trial court erred by

denying her motion for a continuance, made the morning of trial, to allow her to retain counsel.

Finding no error, we affirm the trial court.

                                        Background

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence proved that on August 1, 2005,

Spears was indicted for the first-degree murder of her three-month-old son and three counts of

felony child neglect that occurred between February 11, 2005 and May 3, 2005. On May 6,

2005, Spears requested the appointment of a lawyer because she was indigent and unable to

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

retain counsel.  The court appointed Deputy Public Defender Roger L. Dalton who then represented her at her preliminary hearing on May 26, 2005.

On August 23, 2005, the government and appellant jointly requested the trial court to continue two of the felony neglect charges in order for all four charges to be heard on a scheduled trial date of November 3-4, 2005.  The continuance order reflected that the defense needed more time to prepare and the Commonwealth was missing a witness.  On October 17, 2005, the case was continued from its November 3-4, 2005 trial dates until February 6-8, 2006 because the "Commonwealth and Defendant have motions for expert witness appointment – Pretrial preparation time needed."  On October 19, 2005, the court granted the defense's motion for state funds to hire an expert in the field of forensic medicine to assist in their trial preparation and to possibly testify at trial as an expert.

On February 6, 2006, the case was again continued because a subpoenaed defense witness, Steven Sutton, failed to appear for trial.  The trial court recessed to allow Dalton time to attempt to contact Sutton by telephone.  Sutton's employer told Dalton that Sutton had taken a leave of absence at work apparently due to Sutton's father's health and was not scheduled to be at work until the following week.  The court continued the case until May 2, 2006 and asked Dalton to check the returns a week prior to the new trial date and alert the court prior to the day of trial if witnesses had not been located.

On May 2, 2006, the morning of trial, Dalton informed the court that three material defense witnesses were not present for trial.  The court recessed "in hopes that these people are running late."  When court resumed, two of the three missing witnesses had arrived.  The third witness, who was "comparatively more significant" in Dalton's opinion, was missing.  The court issued a capias for the missing witness, Denni Winbush, and recessed until 1:30 p.m. that afternoon to allow the defense witness to appear.  Winbush arrived at court that afternoon.

Counsel and the trial judge also had a discussion in chambers prior to the commencement of trial concerning appellant's wish to now retain counsel. Spears's family had contacted attorney Robert Rider late the previous day about representing Spears. Rider had not yet spoken to Spears and, as of the morning of trial, Rider had not been retained by the family. Dalton proffered that Joseph Bell was the person who contacted Rider and who was now present with the money to pay Rider to represent Spears. The court noted that "paid or unpaid, [Rider] was not able to proceed today with trial." The trial court refused to continue the case considering the number of continuances already granted, the number of witnesses present, and the difficulties "even today, with having all witnesses present." Dalton stated that he was prepared to go forward with Spears's trial on the scheduled date. Spears then acknowledged that her court-appointed attorney had "done what he had to do." Spears said, "I couldn't afford $50,000 to get this lawyer before. Now I have it, and I feel that I just want a new lawyer." When asked if she was ready for trial, Spears said, "I don't have the lawyer I want, but if I have to go with it, that's just what I'll have to do."

Spears was tried and convicted of second-degree murder and three counts of felony child neglect. The trial court noted that both attorneys had "been remarkably professional, competent, and helpful . . . throughout this case."

Analysis

An accused's right to be represented by counsel includes the right to have a court-appointed attorney if the accused is indigent and the right to be represented by an attorney of his/her own choosing if the accused can provide himself/herself with counsel by his/her own resources. Feigley v. Commonwealth, 16 Va. App. 717, 720, 432 S.E.2d 520, 523 (1993) (citing Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990)). This right is limited by the countervailing state interest to prosecute crimes in an orderly and expeditious

manner. Id. "A trial judge has broad discretion in determining whether a continuance to obtain counsel is necessary in order to preserve the accused's right to assistance of counsel." Id. at 721, 432 S.E.2d at 523. "A trial judge's decision to deny a continuance will not be reversed on appeal unless there was a clear abuse of discretion and prejudice to the defendant." Id. (citing Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990)). But see United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2562 (2006) (once a defendant is erroneously denied his right to counsel of choice, "[n]o additional showing of prejudice is required to make the violation 'complete'"). Only if the trial court makes "'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay'" does the trial court abuse its discretion and deny the accused's right to counsel. Paris v. Commonwealth, 9 Va. App. 454, 461, 389 S.E.2d 718, 722 (1990) (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)).

The facts of the instant case are analogous to those in Feigley, where we held the trial court did not abuse its discretion by denying Feigley's untimely motion for a continuance in order to obtain counsel of his own choosing. Feigley, 16 Va. App. at 722, 432 S.E.2d at 523. Feigley waited until the day of trial to request a continuance and to inform the trial court that he intended to or might be able to retain counsel. Id. at 721, 432 S.E.2d at 523. Feigley's trial date was more than six months after his first attorney had been appointed and was three months after his second attorney was appointed. Id. The record contained no indication that Feigley's attorney conducted an inadequate investigation, was unprepared for trial, or failed to pursue a vigorous defense. Id. Feigley's only reason for requesting a continuance was that he had a "basic feeling" that his court-appointed attorney would not represent him as ably as a retained attorney. Id.

Similarly, the facts of this case support the conclusion that the trial court did not abuse its discretion by denying Spears's request for a continuance to retain counsel. Spears requested a continuance to retain her own attorney on the day her case was scheduled for trial, over a year after

- 4 -

Spears represented that she was indigent and the trial court appointed an attorney to represent her. He did so zealously, including filing motions of a court-appointed expert in forensic medicine to assist her in her defense. Spears's case had already been continued three times on Spears's motion, with the Commonwealth joining two of these motions. When the case was continued again on February 6, 2006, the Commonwealth argued that the numerous medical witnesses had limited availability. The trial court noted the difficulty in securing the presence of all the witnesses in this case, both those necessary for the Commonwealth and the defendant, and emphasized to both parties that they should be prepared to try the case on May 2-5, 2006. On May 2, 2006, Spears's court-appointed attorney had been her attorney for a year and represented that he was prepared for trial.

Spears failed to make a "justifiable request for a delay." See Morris, 461 U.S. at 11-12. No exceptional circumstances existed that justified a continuance for a last minute change of counsel. See Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977). Spears's only reason for requesting yet another continuance was so that a retained attorney who was paid would do "more looking into a lot of things." Spears acknowledged that her court-appointed attorney had "done what he had to do."

The right to effective assistance of counsel does not guarantee that Spears will be represented by a particular attorney, see Hummel v. Commonwealth, 219 Va. 252, 258, 247 S.E.2d 385, 388 (1978), or that Spears will have a "meaningful relationship" with her attorney, see Morris, 461 U.S. at 14. Furthermore, the record indicates that Spears's court-appointed attorney thoroughly investigated Spears's case, requested and was granted a court-appointed expert in forensic medicine to assist in defending Spears, was prepared for trial, and vigorously defended Spears at trial. Spears was convicted of second-degree murder rather than first-degree murder as charged, and received a total active sentence of eleven years on the four charges despite the Commonwealth's request that

Spears receive a seventy-year sentence. Spears's only complaint was that she and her court-appointed attorney were not totally compatible.

These facts are clearly distinguishable from the facts in London v. Commonwealth, 49 Va. App. 230, 638 S.E.2d 721 (2006), where we held the trial court abused its discretion by denying the defendant's request for a continuance to substitute counsel. In London, the defendant requested a continuance to substitute retained counsel sixteen days before the scheduled trial date, the defendant had not previously requested a continuance of the scheduled trial date, and the public defender appointed to represent the defendant was not prepared for trial. Id. at 239-40, 638 S.E.2d at 725-26. This is in stark contrast to the posture of the instant case.

Thus, the trial court did not abuse its discretion by denying Spears's motion for a continuance.

Affirmed.