COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

UNPUBLISHED

TARELL MARQUIS TAYLOR

                                          MEMORANDUM OPINION[*] BY

v.      Record No. 1670-12-1           JUDGE JEAN HARRISON CLEMENTS
                                           OCTOBER 22, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

Henry L. Sadler, III (Sadler & Swan, on brief), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Tarell Marquis Taylor appeals his convictions of two counts of conspiracy and two counts

of possession of cocaine with the intent to distribute, second offense. Taylor argues the trial court

erred in not granting him a continuance to allow new counsel to be appointed or retained. [1] Finding

that the trial court did not abuse its discretion, we affirm.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In its brief, the Commonwealth argued that Taylor failed to preserve the assignment of error because he never specifically requested a continuance. At oral argument, the Commonwealth agreed that if the trial court granted Taylor's request for new counsel, a continuance was necessary.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence proved that on March 27, 2012, the trial court granted Taylor's request for a continuance because he requested a jury trial. Taylor also requested that his counsel, Mr. Henry L. Sadler, III, be permitted to withdraw. The trial court denied the request to permit Mr. Sadler to withdraw and continued Taylor's trial to June 18, 2012. On a subsequent date, Taylor appeared before another judge and requested a bench trial. The judge would not grant Taylor's request unless the judge who originally set the matter for a jury trial concurred. This ultimately occurred.[2]

During arraignment on June 18, 2012, Taylor acknowledged he had a right to be tried by a jury and he requested to be tried by a judge. Taylor also acknowledged he initially asked for a jury trial, but later changed his mind. The prosecutor stated that when Taylor asked for a jury trial, the judge joined in the request, but the judge later agreed to a bench trial. When asked if he was satisfied with the services of Mr. Sadler, Taylor replied, "This is my life. I don't feel comfortable going into this case with these charges, not with Mr. Sadler." Taylor explained he had not received certain documents from Mr. Sadler, such as a transcript, motions for exculpatory evidence, and a bill of particulars. Mr. Sadler informed the court he had full discovery from the Commonwealth. Taylor then stated, "I'd really, like, as far as, like evidence and everything, I don't have anything to really defend myself with. Like, and he didn't give my [sic] no kind of defense. Like, how are you going to be representing me or anything of that nature? This is my life." The trial judge responded:

---

[2] The transcripts from the March 27, 2012 hearing and the subsequent hearing were not included in the record on appeal.

You know, I think you're probably right. I think you probably need a new attorney, and I think you need to be tried by a jury so that there can be all your rights guaranteed, and I'm going to order that. I will relieve Mr. Sadler as your attorney, and I will appoint a public defender to represent you; and I will order this to be tried by a jury, and I will not back off. The jury can hear everything. If they convict you, they can sentence you to life.

The prosecutor stated "[t]his is the fourth trial date," one witness "has driven up from Texas," one witness was being transferred out of the area, and Taylor's prior request to replace Mr. Sadler was denied by another judge. Upon learning that Taylor's prior request to replace Mr. Sadler was denied, the trial judge found that Taylor's request had already been decided and stated, "Let's proceed." Taylor next stated, "So there's no way possible I can hire me a lawyer?" The trial judge replied, "If you'd done it before today, you could have."

Taylor contends the trial judge having found that he needed new counsel, was essentially requiring him to decide to proceed to trial with counsel that the trial judge had found to be inappropriate or to proceed to trial without counsel. Taylor also contends that the trial judge's decision that he probably needed new counsel was a finding of fact and became the law of the case.

An accused's right to be represented by "counsel includes 'not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources . . . to be represented by an attorney of his own choosing.'" Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990) (quoting Thacker v. Slayton, 375 F. Supp. 1332, 1335 (E.D. Va. 1974)). The right to counsel is limited by a "'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.'" Paris v. Commonwealth, 9 Va. App. 454, 460, 389 S.E.2d 718, 721-22 (1990).

"A trial judge's decision to deny a continuance will not be reversed on appeal unless there was a clear abuse of discretion and prejudice to the defendant." Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993). "Broad discretion must be granted to trial

courts on the matter of continuances, and therefore 'only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.'" Paris, 9 Va. App. at 461, 389 S.E.2d at 722 (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)).

"In order to justify a continuance 'by the last minute change of counsel, exceptional circumstances must exist.'" Feigley, 16 Va. App. at 721, 432 S.E.2d at 523 (quoting Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977)).

In Feigley, we held that a request for a continuance to obtain private counsel was not a "justifiable request for a delay" when the defendant made the request on the day of trial, stating only that he had a "basic feeling" that a privately retained attorney would represent him better than a court-appointed attorney. Id.

A review of the circumstances in this case shows that two months prior to his trial Taylor's request to permit Mr. Sadler to withdraw was denied by the trial court. On the day of trial, Taylor expressed his dissatisfaction with Mr. Sadler, thus, Taylor must present exceptional circumstances to justify his last minute request. When asked for his reasons for new counsel, Taylor stated that he had not received certain documents from Mr. Sadler. In response, Mr. Sadler informed the trial court he had full discovery from the Commonwealth. There was no indication that Mr. Sadler was unprepared for trial or unable to pursue a vigorous defense. Taylor's request for new counsel was premised on Taylor's dissatisfaction with Mr. Sadler, which was a not a justifiable request for a delay in his trial. The right to effective assistance of counsel "does not guarantee that the defendant will be represented by a particular attorney," Hummel v. Commonwealth, 219 Va. 252, 258, 247 S.E.2d 385, 388 (1978), or that he will have a "meaningful relationship" with his counsel, Morris, 461 U.S. at 14. Although the trial judge initially agreed that Taylor "probably" needed new counsel, when the Commonwealth informed

the trial judge of the status of certain witnesses and that Taylor's prior request for new counsel had been denied, the trial judge was free to reconsider the finding when presented with all the facts. Since Taylor provided the trial court with nothing to support his request for new counsel and Mr. Sadler was prepared for trial, the trial court did not abuse its discretion in denying Taylor's request for new counsel on the day of his trial. Accordingly, we affirm the trial court's decision and Taylor's convictions.

<u>Affirmed.</u>