# COURT OF APPEALS OF VIRGINIA

## Record No. 0411-25-2

ASHLEY RENEE FREEMAN
v.
COMMONWEALTH OF VIRGINIA

Present: Judges Beales, O'Brien and Ortiz

Opinion Issued May 5, 2026[*]

### FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

(Anthony D. Martin; Lepold & Martin, PLLC., on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares,[1] Attorney General; Justin M. Brewster, Assistant Attorney General, on brief), for appellee.

## MEMORANDUM OPINION
## PER CURIAM

A juvenile and domestic relations (JDR) court convicted Ashley Freeman of contributing to the delinquency of a minor. She appealed to the circuit court, which denied her motion for the appointment of new counsel on the day of trial. After the Commonwealth began to put on its evidence, Freeman moved to withdraw her appeal. The circuit court granted that motion and reinstated the JDR court's sentence of 90 days' incarceration, all suspended. Before entry of the final order, Freeman filed a "motion to withdraw guilty plea" and asked the circuit court to re-set the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

matter for trial. The circuit court denied that motion. Freeman now appeals the denial of her motion for new counsel and her "motion to withdraw guilty plea." Finding no error, we affirm.[2]

BACKGROUND

"On appeal, we state the facts 'in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences.'" *Allison v. Commonwealth*, 73 Va. App. 414, 415 (2021) (quoting *Mitchell v. Commonwealth*, 73 Va. App. 234, 239 (2021)). "In doing so, we discard any of the appellant's conflicting evidence[] and regard as true all credible evidence favorable to the Commonwealth." *Id.* at 415-16 (quoting *Moreno v. Commonwealth*, 73 Va. App. 267, 271 (2021)).

A JDR court tried and convicted Freeman of contributing to the delinquency of a minor. She appealed the conviction to the circuit court on February 12, 2024, and the case was scheduled for a docket call on April 1. On March 26, however, Freeman's court-appointed attorney moved to withdraw from the case, and the circuit court heard and granted the motion on April 22. The court appointed new counsel for Freeman and continued the case to the June 3 docket call. The case was again continued to July 1 for a status hearing, at which point trial was set for September 13 at 3:00 p.m.

The day of trial, Freeman advised the court that she wanted to be "heard about getting new counsel" and claimed that she had not been adequately represented. She also stated that her witnesses had been unable to make it to court that day. Further, Freeman said that her children were present and she did not "want them to be subject to this." The court denied Freeman's motion for a new attorney, and implicit request for a continuance, noting that the case had been scheduled for more than two months, Freeman had already requested and been appointed new counsel, and the Commonwealth had five witnesses present.

---

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). In addition, Freeman waived oral argument.

Trial began, and the Commonwealth called its first witness. As the witness began to testify, however, Freeman told the court that she wanted to "change her plea to guilty." The circuit court confirmed that Freeman meant that she wanted to withdraw her appeal of the JDR conviction, stating that if she did so, it would impose the sentence of the JDR court. Under oath, Freeman withdrew her appeal and affirmed that she understood "that by withdrawing [her] appeal, . . . the sentence of the [JDR] court will become the sentence of this [c]ourt." Freeman commented that she did not want to further traumatize her children by making them sit through the trial. The court then "[found] that . . . Freeman has withdrawn her appeal" and "[found] that the general district court [sic] sentence of [90] days, with [90] days suspended, for a period of one year of good behavior is now the sentence."

The court entered a form order on December 5, 2024. None of the boxes in the "Plea" section of the form were marked. In the "Finding" section, the court marked the box labeled "Appeal/Withdraw/Affirm." The form order reflected the circuit court's reimposition of the JDR court's 90-day suspended sentence.

On September 24, before entry of that final form order, Freeman (by counsel) filed a "motion to withdraw guilty plea." The written motion provided that, although Freeman had "decided to withdraw her appeal . . . resulting in the lower court's sentence to stand," she had subsequently decided that "she wanted to both vacate the guilty finding and to appeal her conviction." Following an October 30 hearing, the court denied Freeman's motion.

ANALYSIS

Freeman argues on appeal that the court erred in denying her "motion to withdraw guilty plea" and her motion for the appointment of new counsel. Each argument is meritless.

Freeman's argument that she should have been allowed to withdraw her guilty plea must fail because Freeman did not enter a guilty plea. Freeman was convicted of the offense in JDR court

and appealed that conviction to the circuit court. Accordingly, as the circuit court observed, Freeman was instead withdrawing her appeal. Freeman cites no authority or mechanism by which she should be allowed to negate her own withdrawal of appeal. Her brief thus fails to satisfy Rule 5A:20(e), which requires stating the "principles of law and authorities" for each assignment of error. "Unsupported assertions of error 'do not merit appellate consideration.'" *Fleming v. Commonwealth*, 85 Va. App. 27, 54 (2025) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017)). Accordingly, Freeman has waived the issue.

Additionally, we see no merit to Freeman's contention that she was entitled to the appointment of new counsel, and an attendant continuance, which she requested on the day of trial. A defendant's right to counsel is guaranteed by the Sixth Amendment to the U.S. Constitution and the Bill of Rights of the Virginia Constitution. *See Bolden v. Commonwealth*, 11 Va. App. 187, 190 (1990). "It is well established that this constitutional guarantee entitles indigent criminal defendants to court[-]appointed counsel in . . . criminal cases resulting in a sentence of imprisonment." *Brown v. Commonwealth*, 288 Va. 439, 442 (2014). "This constitutional right to counsel, however, does not guarantee that an indigent defendant will receive representation by counsel of [her] own choosing." *Id.* Further, "this right is a qualified right [that] is limited by a 'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.'" *Bolden*, 11 Va. App. at 190 (second alteration in original) (quoting *Paris v. Commonwealth*, 9 Va. App. 454, 460 (1990)).

"[B]road discretion is afforded the trial court in determining whether a continuance to obtain counsel should be granted." *Id.* at 191. To justify discharging an indigent defendant's original attorney and appointing new counsel, the defendant must show "good cause." *Kinard v. Commonwealth*, 16 Va. App. 524, 526 (1993).

Here, Freeman's request for new court-appointed counsel was devoid of any good cause. Although she claimed inadequate representation by her current counsel, she did not elaborate on the nature of her dissatisfaction. Further, the request came minutes before trial was to begin. By all appearances, Freeman's goal was to procure a continuance rather than rectify a genuine need for new counsel. Under these circumstances, the circuit court did not abuse its discretion in denying the motion.

CONCLUSION

The circuit court's judgment is affirmed.

*Affirmed.*