COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


AMEN HOTEP JOHNSON
                                                          OPINION BY
v.        Record No. 3143-06-1                     JUDGE ROBERT J. HUMPHREYS
                                                          MARCH 11, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Jennifer T. Stanton (J.T. Stanton, P.C., on brief), for appellant.

Robert  H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


        Amen Hotep Johnson ("Johnson") appeals his conviction for possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2.  He argues that the trial court erred in

denying his motion for a continuance and refusing to allow his retained attorney to represent

him, in violation of his right to counsel as guaranteed by the Sixth Amendment to the United

States Constitution.[1]  For the reasons that follow, we find no error and affirm Johnson's

conviction.

BACKGROUND

        The facts of this matter are not in dispute.  On September 7, 2005, a grand jury indicted

Johnson for possession of a firearm after having been convicted of a felony, in violation of Code

_____
        [1] Johnson also argued on brief, in a single question presented, that the trial court
erroneously admitted his prior juvenile adjudications into evidence and that Code § 18.2-308.2
did not apply to him because his juvenile adjudication of guilt occurred before July 1, 2005.
However, Johnson conceded at oral argument that there was no reversible error on this question
presented.  Accordingly, we do not address this issue.

§ 18.2-308.2. Shortly thereafter, the Circuit Court of the City of Norfolk ("trial court") appointed attorney Jon Eichler ("Eichler") to represent Johnson. The case was originally scheduled for January 23, 2006, but was continued by defense motion until March 16, 2006, so that the trial court could hold a suppression hearing. On March 16, 2006, Johnson requested a jury trial. As the case had previously been set for a bench trial, the trial court continued the case until May 9, 2006, again on motion of the defense.[2]

On May 9, 2006, at the outset of the suppression hearing, the Commonwealth amended Johnson's indictment to allege that Johnson had previously been convicted of a felony "or adjudicated delinquent of an act which would be a violent felony if committed by an adult." Johnson asserted that he was entitled to a continuance because of the amendment to the indictment. After denying Johnson's suppression motion, the trial court granted Johnson's continuance motion, primarily because of the amendment to his indictment. The trial court ruled that the evidence received at the suppression hearing would be admissible at trial.[3] Thus, the trial court continued the case until June 20, 2006. Judge Everett Martin, the judge presiding, ordered that the case remain on his docket.

On June 20, 2006, by joint motion of the parties, the trial court continued the case until July 12, 2006, this time so that the parties could "keep [the case] on Judge Martin's [d]ocket," because he had "already begun hearing the case."[4] By request of the Commonwealth, the trial court continued the case from July 12, 2006, until August 17, 2006. On this day, Attorney

---

[2] Johnson apparently later changed his mind again and decided that he wanted a bench trial after all.

[3] The trial court apparently made this ruling because Johnson did not timely file his written motion to suppress.

[4] This language appeared on the continuance order. The order further stated that the transcript had been ordered and would be sent to Judge Martin by July 7, 2006.

Duncan R. St. Clair, III, ("St. Clair") appeared in court and stated that he wished to substitute as defense counsel for Johnson. St. Clair stated that Johnson's family had "come into some money," and had retained him "about a week ago." St. Clair also stated that he would need a continuance if he became Johnson's defense counsel, because he had not yet reviewed the transcript of the suppression hearing.

The trial court denied this motion, stating that it "never believed that [a] defendant had a right to hire an attorney on the morning of trial," and declined to continue the case. Thus, the case proceeded with Eichler as Johnson's court-appointed attorney. The trial court convicted Johnson, and sentenced him to five years in the Virginia State Penitentiary. This appeal followed.

## ANALYSIS

Johnson argues on appeal that the trial court violated his right to counsel under the Sixth Amendment to the United States Constitution by denying his motions for substitution of counsel and a continuance.[5] We disagree.

> An accused's right to be represented by counsel includes "not only an indigent's right to have the government appoint an attorney to

---

[5] At trial, Johnson also cited Code § 19.2-159.1(B), which states in pertinent part:

> [When] the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant [a] reasonable continuance to allow counsel to be obtained and to prepare for trial. When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services[.]

Johnson does not argue the applicability of this statute on appeal. The dissent notes that Johnson raises this statute on page 2 of his brief, and in his "table of authorities" as well. What the dissent neglects to mention is that this hardly constitutes an "argument," since Johnson only references the statute on page 2 of his statement of facts, in which he simply states that Eichler brought this statute to the attention of the trial court. As a result of this, the statute appeared in Johnson's "table of authorities."

represent him, but also the right of any accused, if he can provide counsel for himself by his own resources to be represented by an attorney of his own choosing."

Feigley v. Commonwealth, 16 Va. App. 717, 720, 432 S.E.2d 520, 523 (1993) (quoting Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990)).  "However, this right is a qualified right which is limited by a 'countervailing state interest in proceeding with prosecutions on an orderly and expeditious basis.'"  Bolden, 11 Va. App. at 190, 397 S.E.2d at 536 (quoting Paris v. Commonwealth, 9 Va. App. 454, 460, 389 S.E.2d 718, 721-22 (1990)).

"A trial judge has broad discretion in determining whether a continuance to obtain counsel is necessary in order to preserve the accused's right to assistance of counsel."  Feigley, 16 Va. App. at 721, 432 S.E.2d at 523.  "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel."  Paris, 9 Va. App. at 460, 389 S.E.2d at 722 (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)).  Furthermore, "[i]n order to justify a continuance 'by the last minute change of counsel, exceptional circumstances must exist.'"  Feigley, 16 Va. App. at 721, 432 S.E.2d at 523 (quoting Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977)).  However, "once a defendant is *erroneously* denied his right to counsel of choice, 'no additional showing of prejudice is required to make the violation complete.'"  London v. Commonwealth, 49 Va. App. 230, 239, 638 S.E.2d 721, 725 (2006) (quoting United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2562 (2006)) (emphasis in original).

In Feigley, we held that a request for a continuance to obtain private counsel was not a "'justifiable request for a delay'" when the defendant made the request on the day of trial, stating only that he had a "basic feeling" that a privately retained attorney would represent him better than a court-appointed attorney.  16 Va. App. at 721, 432 S.E.2d at 523 (quoting Paris, 9 Va. App. at 461, 389 S.E.2d at 722).

In this case, Johnson's family had "come into some money," and had retained St. Clair "about a week [earlier]" after several continuances and a suppression hearing. Thus, Johnson's family had actually hired an attorney, as opposed to the defendant in Feigley, who merely wanted to hire one. Nonetheless, for the following reasons, we hold that this does not amount to an "exceptional circumstance" that warrants the last minute continuation of a case.

In London, which Johnson cites, we reversed a trial court's denial of the defendant's continuance motion when the defendant's family retained a private attorney sixteen days before trial, the retained attorney notified the trial court twelve days before trial, and the trial court had granted no prior continuances at the defendant's request. 49 Va. App. at 239, 638 S.E.2d at 725. London, unlike this case, did not involve a last minute request for a continuance, and the situation in that case did not require "exceptional circumstances."

In this case, although Johnson's family retained St. Clair a week before trial, neither Johnson nor St. Clair advised the trial court of this fact until the morning of trial. Furthermore, the case had been continued five times before Johnson asked the trial court to substitute St. Clair as his counsel, three times at Johnson's request, and once upon joint motion of Johnson and the Commonwealth. Thus, London is distinguishable on its facts from the case before us. Under the circumstances of this case, the trial court's decision was neither unreasoning nor arbitrary and we hold that it did not err in denying Johnson's request to substitute St. Clair as his counsel and to continue the case.[6]

---

[6] The dissent criticizes this reasoning, stating that:

> [A]ppellant's Sixth Amendment right to counsel of his choice is not qualified by any state interest in avoiding "last minute" continuances. Rather, appellant's Sixth Amendment right is qualified only by the state interest in orderly and expeditious prosecutions. In short, it is not the time when the motion for a continuance is made that qualifies the Sixth Amendment right; it is the effect upon the orderly administration of justice if that motion

Johnson also relies on <u>Gonzalez-Lopez</u>, in which the United States Supreme Court held that "[n]o additional showing of prejudice is required to make the [Sixth Amendment] violation complete" after a trial court erroneously denies a defendant his right to counsel of choice. 126 S. Ct. at 2562 (internal quotations omitted). However, <u>Gonzalez-Lopez</u> clearly applies only to situations where a trial court *erroneously* denies a defendant his right to counsel of his choice. Having held that the trial court did not err by denying Johnson's continuance and substitution of counsel, we also hold that <u>Gonzalez-Lopez</u> has no application to this case.

<u>CONCLUSION</u>

In summary, several countervailing circumstances appear in the record before us that offset Johnson's last minute request to assert his Sixth Amendment right to an attorney of his choosing. These circumstances include the five prior continuances, the week-long delay until the morning of trial in informing the trial court and the Commonwealth's attorney that new counsel had been retained, and the fact that witnesses were present and both the Commonwealth and Johnson's court-appointed attorney were ready to proceed. Thus, we cannot say as a matter of law that the trial court acted in an unreasoning or arbitrary manner when it determined that Johnson's right to an attorney of his choosing was outweighed by the Commonwealth's right to have its cases resolved expeditiously and efficiently. We therefore find no error in the refusal of

---

be granted that generates the qualification. . . . The language from <u>Feigley</u> and <u>Shifflett</u> cited by the majority is more sensibly understood to mean that a continuance to retain a lawyer on the eve of trial will rarely be appropriate because, at such a time, a continuance is much more likely to disrupt the Commonwealth's interest in an orderly and expeditious prosecution.

We agree with the dissent that a continuance to obtain a lawyer on the eve of trial "is much more likely to disrupt the Commonwealth's interest in an orderly and expeditious prosecution." Here, the trial court apparently thought a further continuance would disrupt this interest. This is a valid concern, given the fact that the trial court had already continued the case five times.

the trial court to continue Johnson's case a sixth time and allow Johnson to substitute new counsel, and we affirm the judgment of the trial court.

<u>Affirmed.</u>

Haley, J., dissenting,

I respectfully dissent because I believe the majority (1) fails to meaningfully distinguish our decision in London v. Commonwealth, 49 Va. App. 230, 638 S.E.2d 721 (2006), and (2) incorrectly concludes that consideration of Code § 19.2-159.1(B) is barred in deciding the question presented in this appeal.

ANALYSIS

(1)

"An accused's right to be represented by counsel is a fundamental component of our criminal justice system." Paris v. Commonwealth, 9 Va. App. 454, 459, 389 S.E.2d 718, 721 (1990) (quoting United States v. Cronic, 466 U.S. 648, 653 (1984)).

> The right to counsel includes "not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources or through the aid of his family or friends, to be represented by an attorney of his own choosing."

London, 49 Va. App. at 235-36, 638 S.E.2d at 723-24 (quoting Paris, 9 Va. App. at 460, 389 S.E.2d at 721). An accused's right to be represented by retained counsel is limited by the countervailing state interest in orderly and expeditious prosecutions. Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990).[7] But when an accused's Sixth Amendment right to retained counsel is wrongfully denied, he is entitled to the reversal of his conviction; the

---

[7] The Sixth Amendment right to counsel is also limited by "the judiciary's 'independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'" Johnson v. Commonwealth, 50 Va. App. 600, 604, 652 S.E.2d 156, 158 (2007) (quoting United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2565-66 (2006). This limitation is not important to our resolution of the question presented in this case because nothing in the record suggests the existence of a conflict of interest or other ethical difficulty concerning Mr. St. Clair's representation of appellant.

violation is not subject to harmless error analysis. United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2565 (2006).

"'[A]lthough granting or denying a continuance is within the discretion of the trial court, it must exercise its discretion with due regard to the provisions of the Bill of Rights, which secure to one accused of a crime a fair and impartial trial . . . .'" London, 49 Va. App. at 237, 638 S.E.2d at 724 (quoting Gilchrist v. Commonwealth, 227 Va. 540, 546, 317 S.E.2d 784, 787 (1984)).

> "In determining whether the trial court properly exercised its discretionary powers, we look to the diligence of the moving party . . . . As well, we must determine if there is anything 'in the circumstances to warrant the conclusion that the real purpose in moving for a continuance is to delay or evade trial and not to prepare for it.'"

Carter v. Commonwealth, 39 Va. App. 735, 745, 576 S.E.2d 773, 778 (2003) (quoting Cherricks v. Commonwealth, 11 Va. App. 96, 99-100, 396 S.E.2d 397, 399 (1990) (citation omitted)). "When a court has no reason to believe that a motion for a continuance is spurious, it should seriously consider whether a failure to grant the continuance may 'imperil the just determination of the cause.'" Gilchrist, 227 Va. at 546, 317 S.E.2d at 787 (quoting Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890)). "'In order to justify a continuance by the last minute change in counsel, exceptional circumstances must exist.'" Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993) (quoting Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977)).

In London, the defendant's mother retained counsel to represent him sixteen days before the scheduled trial date. London, 49 Va. App. at 233, 638 S.E.2d at 722. Five days before trial, the law partner of defendant's retained counsel appeared in the trial court and requested the substitution of the defendant's court-appointed attorney with retained counsel. Id. The law partner also moved for a continuance because appellant's retained counsel was on vacation and

would not return until the next week. Id. The Commonwealth's attorney objected to the motions because three "very important" witnesses were traveling great distances to attend the trial on the previously scheduled date. Id. at 234, 638 S.E.2d at 723. The trial court denied both motions, and this Court reversed the defendant's conviction, holding the trial court abused its discretion in denying the motions for continuance and substitution of counsel pursuant to an accused's Sixth Amendment right to counsel and the statutory requirements of Code § 19.2-159.1(B). Id. at 239, 638 S.E.2d at 725.

The majority attempts to distinguish this case from London, observing, in London, that the newly retained attorney hired by the defendant's mother notified the trial court of his intention to enter the case and seek a continuance twelve days before the trial. Therefore, the argument continues, the continuance requested in London was not a "last minute" continuance requiring "exceptional circumstances." The problem with this argument is that appellant's Sixth Amendment right to counsel of his choice is not qualified by any state interest in avoiding "last minute" continuances. Rather, appellant's Sixth Amendment right is qualified only by the state interest in orderly and expeditious prosecutions. In short, it is not the time when the motion for a continuance is made that qualifies the Sixth Amendment right; it is the effect upon the orderly administration of justice if that motion be granted that generates the qualification. No cases suggest that an accused's Sixth Amendment right to counsel of his choice simply disappears at the "last minute" before trial commences. The language from Feigley and Shifflett cited by the majority is more sensibly understood to mean that a continuance to retain a lawyer on the eve of trial will rarely be appropriate because, at such a time, a continuance is much more likely to disrupt the Commonwealth's interest in an orderly and expeditious prosecution. See United States v. Grow, 394 F.2d 182, 208-09 (4th Cir. 1968) (affirming trial court's denial of defendant's request for a continuance to hire new lawyer when request was made at the

beginning of jury selection during complicated savings & loan fraud trial and trial judge stated he "would not permit withdrawal of counsel at the last moment 'to be used as an excuse for the postponement of this case'"); United States v. Mitchell, 138 F.2d 831, 831 (2d Cir. 1943) ("[W]hen a jury case is already on trial in a district with a crowded calendar such as obtains in the Southern District of New York, a continuance for the obtaining and indoctrination of new counsel would be disruptive of the court's business and could not be claimed under the circumstances except for rather exceptional cause."). These federal appeals court cases are the authority relied on by our Supreme Court in Shifflett to introduce into Virginia law the "exceptional circumstances" language relied upon by the majority. Shifflett, 218 Va. at 30, 235 S.E.2d at 320.

When one compares the facts of London with the facts of this case while keeping the legally relevant state interest in mind, the majority's emphasis on the notice given by the defendant's new lawyer seems inappropriate. In London the attorney for the Commonwealth proffered that, "three 'very important' witnesses [were] traveling from great distances, including two from out of state, and that 'it would really inconvenience the Commonwealth . . . .'" London, 49 Va. App. at 233-34, 638 S.E.2d at 723. It seems unreasonable to decide that the absence of advanced notice in this case meaningfully distinguishes this case from London. Even though the notice that the defendant's new attorney gave to the trial court seems to have done little or nothing to lessen the adverse impact the requested continuance would have had on the state's interest in an orderly and expeditious prosecution, London still held that the trial court abused its discretion in denying the continuance request.

In this case, the attorney for the Commonwealth conceded that a continuance would not affect her ability to present her case, "Your Honor, we have one witness. So that in itself is not an issue about continuing to the Commonwealth." The parties' stipulation that the prior

- 11 -

testimony of Officer Dean would be part of the evidence at appellant's trial also suggests that the impact of a short continuance upon the prosecution's case would be *de minimis*. Indeed, as a result of this stipulation it is far from clear that the Commonwealth needed to call any witnesses at all. With the exception of a few new questions about the physical characteristics of the handgun he recovered from appellant, all of the facts to which Officer Dean testified at trial were already in evidence because of the stipulation. Before trial the Commonwealth was missing prima facie evidence of only one element of the offense charged in the indictment: evidence that appellant was a convicted felon or a person previously adjudicated delinquent of an offense which would have been a felony if committed by an adult. Code § 18.2-308.2. The assistant Commonwealth's attorney was able to produce this evidence at trial using a certified copy of a robbery adjudication from the Virginia Beach Juvenile and Domestic Relations District Court, and the document's admission did not even require the testimony of a single foundation witness. Appellant also waived his right to a trial by jury. Short of a guilty plea, it is difficult to imagine a proceeding in which the task of the Commonwealth's attorney could be completed so swiftly, easily, and conveniently.

Whether or not appellant got his continuance, this trial was going to be exceptionally quick and easy for the Commonwealth. But even this fact would not be enough to overcome the deference we owe to the trial court unless Mr. St. Clair had a good reason for asking for a continuance. Otherwise criminal defendants accused of simple offenses might avoid trial indefinitely by waiving their rights to a jury and stipulating to the parts of the Commonwealth's case-in-chief that depend on the presence of live witnesses. However, Mr. St. Clair gave the trial court a sensible explanation for wanting a continuance. The same evidentiary stipulation that made this trial so simple for the Commonwealth would put appellant at a serious disadvantage if Mr. St. Clair had represented him without first reading a transcript of Officer Dean's suppression

motion testimony. Without reading it, Mr. St. Clair would have no way to subject the prosecution's case against his new client to meaningful adversarial testing. "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment Rights that makes the adversary process itself presumptively unreliable." Cronic, 466 U.S. at 659. Officer Dean's suppression motion testimony covers eleven pages of the record on appeal. It does not take a long time to read. The majority points out that a continuance order dated June 20 reflects that a transcript had been ordered and would be sent to the trial judge by July 7, 2006. So there is reason to believe that the trial judge, the assistant Commonwealth's attorney, appellant's appointed counsel, or possibly all three of them, already possessed transcripts they might have lent to Mr. St. Clair. These facts suggest that only a very short continuance for Mr. St. Clair to read the transcript and discuss it with his client would have sufficed before he would be prepared for trial.

I also believe the majority is incorrect in suggesting its conclusion is supported by Feigley, 16 Va. App. 717, 432 S.E.2d 520. First, the majority overlooks language in London expressly suggesting that Feigley is no longer good law because Feigley affirmed the defendant's conviction at least in part because there was no evidence that court-appointed counsel was ineffective, an approach overruled by Gonzalez-Lopez. London, 49 Va. App. at 239, 638 S.E.2d at 725. Second, the defendant in Feigley, as the majority rightly concedes, requested a continuance on the eve of trial to look into hiring an attorney. Some criminal defendants will not hesitate to feign an interest in retained counsel for the sole purpose of postponing their trials. And appellate courts must seriously consider circumstances indicating that the only purpose of the continuance is to delay the trial. See Grow, 394 F.2d at 208-09; Gilchrist, 227 Va. at 546, 317 S.E.2d at 787. But there is no evidence that appellant was seeking a continuance for the sole

purpose of delay. Indeed, the following exchange suggests that the trial judge did not believe that he was:

> MR. EICHLER: The circumstances have changed. He's able and has hired counsel. I'd point out that some of the other continuances were occasioned by the fact that the matter was misdocketed.
>
> THE COURT: I understand that.
>
> MR. EICHLER: They were not occasioned by actions on the part of the defendant.
>
> THE COURT: You are exactly right.

Because of these comments by the trial court, I believe the majority exaggerates the degree to which the prior continuances of this case support the denial of appellant's continuance request.

Mr. St. Clair needed only a brief continuance to prepare for trial, and the impact of the requested continuance on the state's countervailing interest in an orderly and expeditious prosecution would have been negligible. Under these circumstances, I conclude that the trial court's denial of appellant's motion was "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay . . . .'" Paris, 9 Va. App. at 461, 389 S.E.2d at 722 (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)).

(2)

Code § 19.2-159.1 also requires that the trial court's decision be reversed. Code § 19.2-159.1(B) states that, when a change in circumstances enables an accused to retain his own lawyer, "[t]he Court *shall grant* [a] reasonable continuance to allow counsel to be obtained and prepare for trial." (Emphasis added). The majority opinion quotes the statute in a footnote but adds, "Johnson does not raise this statute on appeal." This is incorrect. Appellant cites the statute on page ii of his brief in the "table of authorities." He mentions the statute again in the middle paragraph of page 2. Appellant's brief also states, "Johnson relies on the recent case decided by this Court London v. Commonwealth . . . ." Our decision in London specifically

- 14 -

relies on both the statute and the Sixth Amendment in deciding that the trial court erred in denying the defendant's continuance request. "Once the trial court is notified that the accused has retained counsel, the statute provides that 'appointed counsel shall be relieved of further responsibility,' and the trial court 'shall grant [a] reasonable continuance to allow [retained] counsel to . . . prepare for trial.'" London, 49 Va. App. at 236, 638 S.E.2d at 724.

The majority does not explain why they believe the citations to the statute by appellant's brief were insufficient to "raise the issue on appeal." Perhaps this conclusion is based upon a restricted view of the issues fairly raised by the "question presented," as that term is used in Rules 5A:12 and 5A:20 of the Rules of the Supreme Court of Virginia, that is, because the appellant's brief did not list as a separate question presented the issue of whether the trial court's denial of appellant's motion for a continuance violated Code § 19.2-159.1, it would be improper for us to consider the statute. I disagree. "As the Supreme Court of Virginia has made plain, these rules have been designed to protect the appellee, not to penalize the appellant." Carlton v. Paxton, 14 Va. App. 105, 110, 415 S.E.2d 600, 602 (1992) (citing Avery v. County School Board, 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951)). Moreover, on brief appellant recites that he relies upon London.

More specifically, I also believe that adopting the majority's narrow view would be inconsistent with the way we viewed the scope of the question presented in London. Our question presented, according to appellant's brief is, "[w]hether the trial court abused its discretion and violated appellant's Sixth Amendment right to counsel when it refused to allow retained counsel to substitute in the case." The question presented in London, according to this Court, was whether, "the trial court abused its discretion and violated his Sixth Amendment right to counsel when it refused to allow him to be represented by his retained counsel of choice, and abused its discretion when it denied his requests for a continuance to permit his retained counsel

- 15 -

a reasonable time to prepare for trial." <u>London</u>, 49 Va. App. at 232, 638 S.E.2d at 722. Where the questions presented in the two cases are so close to being identical, I find it inconsistent for this Court to publish two decisions, one holding that the trial court's ruling in <u>London</u> violated Code § 19.2-159.1 and the other holding that appellant's case did not even raise the issue on appeal.

I would hold that the trial court's denial of appellant's continuance request violated his Sixth Amendment right to counsel and Code § 19.2-159.1(B). I respectfully dissent.